MANUFACTURERS AND TRADERS TRUST COMPANY, Plaintiff, *v.* ELLIOTT V. BELL, as Superintendent of Banks of the State of New York, Defendant.

Supreme Court, Special Term, Erie County, September 4, 1945.

*Nathaniel L. Goldstein, Attorney-General (Wortley B. Paul of counsel), for defendant.*

*George A. Newbury* for plaintiff.

HINKLEY, J. This is an action for a declaratory judgment pursuant to section 473 of the Civil Practice Act and is one of first impression. Counsel agree that this decision must rest upon an interpretation of the statute and that the salient facts are not in dispute.

Defendant moves for a dismissal of the complaint and asks for judgment on the pleadings. The question presented is the right of defendant to authorize the plaintiff to open and occupy a branch office at Nos. 2103–07 Main Street in the city of Niagara Falls. This is in addition to the one now occupied by plaintiff at the former location of the Falls National Bank whose business and property were purchased by plaintiff.

The section involved is section 105 of the present Banking Law, which reads as follows: " § 105. *Branch offices; prohibition against doing business at unauthorized places.* " 1. No bank or trust company or officer, director, agent or employee thereof, shall transact any part of its usual business of banking at any place other than its principal office, except as follows:

" (a) A bank or trust company in a city which has a population of more than thirty thousand may open and occupy in such city one or more branch offices, whether or not such city is located entirely within one banking district, and

"(b) A bank or trust company may open and occupy a branch office or branch offices in any city or village located in the banking district in which is located its principal office, provided in no event shall a branch be opened and occupied pursuant to this paragraph (b) in a city or village in which are already located one or more banks, trust companies or national banking associations, except for the purpose of acquiring by merger, sale or otherwise the business and property of one or more of such banks, trust companies or national banking associations, whether in liquidation or doing business in the usual course."

In the event that the plaintiff can qualify under either paragraph (a) or (b) of subdivision 1 of the quoted section, then the defendant would be authorized to grant a certificate of authority to plaintiff to open the additional branch office. This is not a proceeding under article 78 of the Civil Practice Act, to compel the defendant to act. The defendant has declined to pass upon the merits of plaintiff's application in the light of defendant's claim that he has no authority to so act. It is upon this question of power of the defendant Superintendent of Banks for which a declaratory judgment is sought by the plaintiff.

There is no bank, trust company or national banking association in the city of Niagara Falls save the Power City Trust Company. Under the circumstances, if the defendant is without power to grant to plaintiff or any other bank, trust company or banking association similarly situated, the right to open a branch office in the city of Niagara Falls, then the Power City Trust Company has a monopoly in that city. But this monopoly exists only as to the right to open branches. If and when the circumstances warrant, some newly organized bank or trust company will undoubtedly establish its principal place of business in that city. In any event, if this situation needs correction, then recourse must be had not to the courts but to the Legislature which exercises over banks a special guardianship. "Banking is a business affected with a public interest. * * * Its nature makes it peculiarly an object of legislative solicitude in order that depositors and stockholders may be protected and proper management by those responsible therefor secured according to legislative theories of public welfare." (*Matter of Morse* [*Bank of America*], 247 N. Y. 290, 303.)

The language of section 105 of the Banking Law is not entirely clear. First there is an absolute prohibition in subdivision 1, followed by an exception in that paragraph (paragraph [a]); this is followed by another exception (paragraph [b]) which

includes another prohibition confined alone to paragraph (b) which is finally completed with another exception. However inept the bill drafting of this section, it is apparent that the Legislature was not content to yield to the Superintendent of Banks and two thirds of the Banking Board the absolute power over the opening and occupancy of branch banks subject to judicial control in the event of an abuse of discretion. This is true even though discretionary power is vested in the Superintendent of Banks and two thirds of the Banking Board membership to deny any given application.

The real question turns upon the intent of the Legislature in the enactment of paragraph (a):

" A bank or trust company in a city which has a population of more than thirty thousand may open and occupy in such city one or more branch offices, whether or not such city is located entirely within one banking district * * *."

If we construe that paragraph to give to banks and trust companies carte blanche, subject to the approval of the Superintendent of Banks (Banking Law, §§ 29, 105), the right to open and occupy branch banks in any city in the State having a population of 30,000 or more, we do violence to the original prohibition contained in subdivision 1, and render innocuous all of paragraph (b).

If, on the other hand, we construe paragraph (a) to be limited to the city in which the principal office of the bank or trust company is located, we render that paragraph consistent with subdivision 1, which precedes it, and render effective paragraph (b) which follows.

The language of section 105 of the Banking Law as a whole evidences the intent of the Legislature. The plaintiff is forbidden to transact any part of its usual business of banking at any place other than its principal office in the city of Buffalo except that it may open and occupy in such city one or more branch offices. The plaintiff cannot open or occupy a branch office in the city of Niagara Falls except to acquire, as it did, the business and property of the Falls National Bank.

The history and perhaps the causes of the repeal of section 195 of the Banking Law by chapter 619 of the Laws of 1937, and the enactment of section 105 of the same law, may be found in *Matter of Hudson-Harlem Valley T. & M. Co.* v. *White* (164 Misc. 47; same case, 263 App. Div. 167). Although as interpreted by the courts, there was no restriction placed upon the Title Guarantee and Trust Company to conduct its title activities outside the city where its principal office was located, still at no

time is there any indication that a like authority existed in regard to its banking activities. On the contrary, the opposite view is taken by Justice HILL in 263 Appellate Division 167, at page 170: " Also, the chronology of events in connection with this litigation and amendments to the bills introduced in the Legislature, which ultimately became chapter 619 of the Laws of 1937, leaves little doubt that while the Legislature intended that the amendment be general, the application is quite specific to appellant and this proceeding, and that thereunder, *while appellant may not carry on its banking and trust business outside the city of New York,* there is no inhibition against doing its title business outside the city." (Italics supplied.)

Motion by defendant for dismissal of the complaint and for judgment on the pleadings granted.